**Alonzo McCULLOUGH, Petitioner–Appellant,**

**v.**

**Harry K. SINGLETARY, Robert Butterworth, Respondents–Appellees.**

**No. 91–3497.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 3, 1992.

Brad Permar, Asst. Public Defender, Clearwater, Fla., for petitioner-appellant.

Donna A. Provonsha and Stephen A. Baker, Asst. Atty. Gen., Office of the Atty. Gen., Tampa, Fla., for respondents-appellees.

Before HATCHETT and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

DUBINA, Circuit Judge:

This is an appeal from the district court's order denying Alonzo McCullough's ("McCullough") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons which follow, we affirm.

## I. BACKGROUND

McCullough was convicted of first-degree burglary and sexual assault in the Sixth Judicial Circuit Court, Pinellas County, Florida. He was seventeen years old when those crimes were committed, and he was tried as an adult. Pursuant to Fla. R.Crim.P. 3.701(d)(5)(c) of the Florida Sentencing Guidelines,[1] his sentence for the convictions was enhanced based on four prior juvenile-court convictions. Rule 3.701(d)(5)(c) authorizes consideration of juvenile delinquency adjudications as part of an offender's prior record for sentencing purposes, provided the adjudications are no more than three years old at the time of the offense for which the offender is being sentenced.[2] Juvenile dispositions that are more than three years old are excluded from the definition of prior record. Only McCullough's last four convictions were considered by the state sentencing judge because the others occurred more than three years prior to McCullough's present convictions.

As a result of the enhancement, McCullough was sentenced to life in the penitentiary without the possibility of parole. His convictions and sentence were affirmed, without opinion, by the Florida District Court of Appeals. *See McCullough v. State*, 523 So.2d 582 (Fla.Dist.Ct.App.1988).

After exhausting his state remedies, McCullough filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Middle District of Florida. In the district court, McCullough argued that the additional points given for his prior juvenile convictions violated his right to due process and fundamental fairness. He also argued that the enhancement shocked the judicial conscience because without the enhancement, his sentence would have been approximately seventeen years, with actual time served around seven years.

A United States magistrate judge held an evidentiary hearing and thereafter filed a report and recommendation recommending that the petition be dismissed. Relying on *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), and *United States v. Williams*, 891 F.2d 212 (9th Cir.1989), *cert. denied*, 494 U.S. 1037, 110 S.Ct. 1496, 108 L.Ed.2d 631 (1990), the magistrate judge found that the enhancement of McCullough's sentence based on his ju-

---

1. The Supreme Court of Florida promulgated the sentencing guidelines in 1983. Those rules became constitutionally valid on July 1, 1984, when they were adopted by the Florida Legislature. *See Smith v. State*, 537 So.2d 982, 988 (Fla.1989).

2. Rule 3.701(d)(5)(c) provides that "[a]ll prior juvenile dispositions which are the equivalent of convictions as defined in section (d)(2), occurring within three (3) years of the commission of the primary offense and which would have been criminal if committed by an adult, shall be included in the prior record."

venile convictions did not violate his right to due process. McCullough filed objections to the report, reiterating his previous arguments and, additionally, averring that *Baldasar* was misapplied and *Williams* was distinguishable.

After reviewing the magistrate judge's report and McCullough's objections, the district court dismissed McCullough's petition on the basis of *Williams*. McCullough then perfected this appeal.

## II. DISCUSSION

■ McCullough asserts the following three grounds to support his prayer for resentencing and the withdrawal of the enhanced penalty: (1) the enhancement denies fundamental fairness; (2) the enhancement shocks the judicial conscience; and (3) the enhancement constitutes cruel and unusual punishment. Our review of the record reveals that McCullough only presented grounds one and two to the district court; the cruel and unusual punishment argument was not presented. Normally, we will refuse to address issues not raised below. *Spann v. Wainwright*, 742 F.2d 606, 607 (11th Cir.1984), *cert. denied*, 474 U.S. 830, 106 S.Ct. 95, 88 L.Ed.2d 77 (1985). However, because of the serious consequences of this case, we choose to address all of McCullough's arguments. *See Olson v. Superior Pontiac–GMC, Inc.*, 776 F.2d 265, 267 (11th Cir.1985) (in determining an issue in a case, we are not pretermitted by the district court or counsel from considering the record, statutes, or applicable case law).

### A. *Fundamental fairness*

■ McCullough argues that the juvenile justice system and the adult justice system are designed for two entirely different purposes, i.e., rehabilitation versus punishment, and that it is unfair to allow his

prior juvenile convictions to be used collaterally to impose a life sentence without parole. He cites *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971) and *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), for the general proposition that juvenile convictions must comport with due process.

*McKeiver* was a plurality opinion in which the Supreme Court held that the due process standard in juvenile cases is fundamental fairness and that the lack of a jury trial in such a proceeding does not deny a juvenile due process. The Supreme Court in *In re Gault* held that the due process clause is applicable to juvenile proceedings as well as adult proceedings.[3] Neither of those cases supports McCullough's argument.

■ The record demonstrates that McCullough failed to produce even minimal evidence that he was not afforded fundamental fairness in his juvenile proceedings. He does not show that he was denied notice of the juvenile charges pending against him, or that he was denied the right to confront and cross-examine witnesses, or that he was forced to incriminate himself. McCullough does argue that he was not afforded a trial by jury for his juvenile offenses. While a trial by jury in a criminal case is fundamental to our system of justice, a trial by jury in a juvenile proceeding is not a constitutional requirement. This rule exists because a declaration of delinquency is significantly different and less onerous than an adult proceeding. *McKeiver*, 403 U.S. at 540, 91 S.Ct. at 1983.

■ Regarding McCullough's right-to-counsel claim under the due process clause, the record indicates that he was afforded counsel to assist him in his last four second-degree felony convictions.[4] Because those felony convictions were within the

---

3. More specifically, *In re Gault* held that juvenile delinquency proceedings which may lead to commitment in a state institution must measure up to essentials of due process guarantees including notice of the offense charged, right to counsel, privilege against self-incrimination, and the right to confrontation and cross-examination. 387 U.S. at 31–58, 87 S.Ct. at 1445–59.

4. Indeed, at oral argument, in response to a question posed by the court, counsel for McCullough admitted that McCullough had the benefit of counsel during the juvenile proceedings used by the state court to enhance his sentence.

purview of Rule 3.701(d)(5)(c), they were calculated into McCullough's sentencing score, and he was given a total of 330 points for those prior convictions. It is unclear from the record whether McCullough had the assistance of counsel in the relevant misdemeanor conviction; however, assuming *arguendo* that he did not have counsel, the elimination of the sentencing points associated with that offense, (ten), from his total score would still result in a total score of 626 and mandate a sentence of life without parole. Since McCullough would have received exactly the same sentence in the absence of the misdemeanor conviction, its inclusion in his sentence calculation cannot be said to have resulted in a denial of fundamental fairness.

McCullough argues that the magistrate judge's reliance on *Williams* was in error. In *Williams*, the petitioner pled guilty to bank robbery. He was given an enhancement of four additional criminal history points for involvement in two prior bank robberies while a juvenile. Williams argued that *Baldasar v. Illinois* prevented the collateral use of his juvenile convictions to enhance a subsequent sentence. The additional points placed Williams in a sentencing range of 46 to 57 months; without that enhancement, he would have been placed in a sentencing range of 30 to 37 months.

The Ninth Circuit rejected Williams' argument that *Baldasar* dictated reversal and held the enhancement constitutional. It found *Baldasar* was a right to counsel case and, therefore, not pertinent because Williams had been represented by counsel in his prior juvenile adjudications. It also found *Baldasar* inapposite because there the prior convictions were misdemeanors, whereas in *Williams* the court was concerned with juvenile convictions.

We have reviewed *Baldasar* and have determined that it is not applicable to the present case.

*Baldasar* is a plurality opinion in which the Supreme Court divided its votes in such a way that no clear rule is apparent. Four justices—Stewart, Marshall, Stevens, and Brennan—concluded in two separate concurrences that an uncounseled misdemeanor conviction, valid when entered, could not be used through an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term. *See also Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979) (conviction of an uncounseled indigent defendant is constitutionally valid, even if he has not waived his right to counsel, so long as the accused is not sentenced to actual term of imprisonment).[5] Justice Blackmun's concurrence, and the necessary fifth vote for the majority, was based on a narrower ground. Justice Blackmun wrote that the right to counsel in misdemeanor cases should attach where the crime is punishable by imprisonment for more than six months. Since Baldasar's first misdemeanor was punishable by a sentence of more than six months and since he was not afforded counsel for that conviction, Justice Blackmun concluded that the first conviction was invalid for all purposes and could not be used to enhance the sentence.[6]

We agree with the *Williams* analysis and decline to extend the holding of *Baldasar* to the facts of this case. McCullough's enhancement, like *Williams*, was based on his juvenile convictions. McCullough, like *Williams*, had the benefit of counsel during the adjudication of his last four juvenile adjudications. McCullough's enhancement

---

**5.** Four justices dissented concluding that since the defendant was represented by counsel in the second trial, the enhancement was not unconstitutional.

**6.** In contrast, *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), which was decided only a few months prior to *Baldasar*, held that an uncounseled felony conviction could serve as the basis for classifying an individual as a convicted felon and subjecting him to criminal liability for possession of firearms under 18 U.S.C.App. § 1202(a)(1). The Court reasoned that the criminal sanction was permissible because the previous uncounseled conviction was not being used to support guilt or enhance punishment, but constituted merely a civil disability through a criminal sanction to identify a class of individuals who should be prevented from possessing firearms because those individuals were potentially dangerous. *Lewis*, 445 U.S. at 67, 100 S.Ct. at 922.

points were added for his last four convictions only. Because McCullough had counsel, *Baldasar* is inapplicable; nothing in *Baldasar* indicates that it should be extended beyond the right to counsel issues.

The present case is not distinguishable from *Williams*. McCullough was convicted of sexual battery and first-degree burglary. Under the Florida Sentencing Guidelines, an offense category is identified on the guidelines' scoresheet upon a determination of the primary offense. *See* Fla.R.Crim.P. 3.701(d)(3). A "primary offense" is an offense of conviction which, when scored on the guidelines scoresheet, recommends the most severe sanction. *Id.* McCullough's primary offense was sexual battery, a first-degree felony, for which he received 216 points. Under the guidelines, all other offenses are termed "additional offenses" and are scored based "upon their degree and the number of counts of each." *See* Fla.R.Crim.P. 3.701(d)(4). McCullough's additional offense was first-degree burglary, a first-degree felony punishable by life imprisonment for which he received 40 points. McCullough also received 40 points for victim injury for slight penetration or slight injury. *See* Rule 3.701(d)(7). McCullough's enhancement points were based on four prior juvenile convictions. Those prior convictions, standing alone, totalled 340 points under the Florida Sentencing Guidelines—330 points for a second degree felony, and 10 points for a misdemeanor. McCullough's prior record and his present offenses totalled 636 points, well in excess of the 583 points required for a mandatory life sentence without parole. The fact that the petitioner's sentence in *Williams* was enhanced only 4 additional points under the United States Sentencing Guidelines ("U.S.S.G.") is irrelevant to McCullough's due process claims. McCullough's sentence was calculated on the basis of his criminal activity alone.

7. The record shows that on at least one other occasion, McCullough was convicted of breaking into an occupied residence, taking off his clothes, and entering a victim's bedroom com-

### B. *Shock the judicial conscience*

■ McCullough argues that his enhanced sentence shocks the judicial conscience. We disagree. This case is distinguishable from *Woosley v. United States*, 478 F.2d 139 (8th Cir.1973), where the Eighth Circuit remanded the case to the district court for resentencing. *Woosley* held that a five year sentence given to a nineteen year old member of the Jehovah's Witnesses for his refusal to be inducted into the military, constituted an abuse of discretion and shocked the judicial conscience.

In the present case the sentencing court considered only those juvenile offenses committed within three years prior to the last felony conviction. McCullough's juvenile criminal record is long and extensive. The Department of Health and Rehabilitative Service referral sheets demonstrate that from 1979 to 1985, a period of just seven years, McCullough committed nineteen offenses. Despite receiving the advantages of numerous rehabilitative programs, McCullough has demonstrated the inability to bring his conduct into conformity with the standards of civilized society.[7]

Considering McCullough's extensive record and failure to respond to the rehabilitative programs available to him, his sentence in this case cannot be said to greatly exceed the penalty usually exacted for such actions or to shock the judicial conscience.

### C. *Cruel and unusual punishment*

■ McCullough argues that his life sentence without parole is cruel and unusual. In support of this contention, he relies upon *Doe v. McFaul*, 599 F.Supp. 1421 (N.D.Ohio 1984). *Doe* was a civil rights action in which two juveniles were attacked while incarcerated in an adult corrections center. The youths were imprisoned under a program designed to frighten juveniles and, thereby, direct them away from a life of crime. The district court held that because the juveniles were detained in a facility

pletely naked. In that instance, the victim woke up and was able to chase McCullough out of her house.

that was totally unequipped to provide them with treatment and counselling, their incarceration subjected them to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Because *Doe* was a civil rights action and is factually distinguishable, we find it unpersuasive to the issues presented in the present case.

■ McCullough argues that the issues of cruel and unusual punishment and disproportionate sentences are reviewed under *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). *Solem* established a general principle of proportionality under the Eight Amendment and declared a three factor test: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.* at 292, 103 S.Ct. at 3003. However, the viability of *Solem* has been called into doubt by *Harmelin v. Michigan*, —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). In *Harmelin*, the petitioner was convicted under Michigan law of possessing more than 650 grams of cocaine and sentenced to a mandatory term of life in prison without the possibility of parole. Justice Scalia, writing for the Court in Part V of the opinion, stated that the sentence was not unconstitutional simply because it did not allow the consideration of mitigating or proportionality factors, such as petitioner had no prior felony convictions. In affirming the sentence, the Court stated that severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense. *Id.* 111 S.Ct. at 2701.

In Part I of the opinion, Justice Scalia wrote that the proportionality analysis employed in *Solem* was incorrect and that the Eighth Amendment contains no proportionality guarantee. However, because Justice Scalia was joined by only Chief Justice Rehnquist in this analysis, that particular discussion is not considered the judgment of the Court. Justice Kennedy, joined by Justices O'Connor and Souter, agreed with Part V, but dissented from the remainder of the opinion because they felt the Eighth Amendment prohibited disproportionate sentences. *Harmelin*, 111 S.Ct. at 2702. Four justices dissented from the majority.

Recently, the Fifth Circuit interpreted and adopted the reasoning of *Harmelin* in *McGruder v. Puckett*, 954 F.2d 313 (5th Cir.1992), which affirmed a life without parole sentence of an habitual offender. By applying a head-count analysis to the plurality opinion, the Fifth Circuit determined that seven members of the Supreme Court supported an Eighth Amendment guaranty against disproportional sentences; however, only four justices supported the continued application of all three factors in *Solem*. *McGruder*, 954 F.2d at 316. The Fifth Circuit determined that Justice Kennedy's opinion was the most persuasive because he supported the disproportionate sentence analysis but rejected the theory that all three factors of *Solem* must be considered. *Id.* The Fifth Circuit held that if a determination was made that a sentence was grossly disproportionate after comparing the sentence to the offense, only then would the remaining *Solem* factors be considered. *Id.* We agree with the *McGruder* analysis.

In the present case, McCullough's convictions for sexual assault and burglary in the first-degree involved a crime of violence against a person. Therefore, after examining McCullough's sentence in light of *Harmelin* and *McGruder*, we hold that his sentence is not grossly disproportionate and, therefore, we need not consider the other *Solem* factors.

■ A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. Unit B June 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the

construction placed on a state's criminal statutes by the courts of the state except in extreme cases. *Mendiola v. Estelle*, 635 F.2d 487, 489 (5th Cir. Unit A 1981). The Florida District Court of Appeals reviewed McCullough's claims and found no violation of state law in the use of the prior juvenile convictions. We have reviewed the issues in this case *de novo* and uncover no constitutional violation. Thus, McCullough's claims provide no basis for habeas corpus relief. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988).

### III.  CONCLUSION

We hold that the enhancement of McCullough's adult sentence based on his prior, nonjury juvenile convictions, pursuant to Fla.R.Crim.P. 307.1(d)(5)(c), did not deny him fundamental fairness and, therefore was not a violation of his due process rights. We further hold that McCullough's sentence of life without the possibility of parole does not rise to the level required to shock the judicial conscience nor does it constitute cruel and unusual punishment. Accordingly, we affirm the judgment of the district court dismissing McCullough's petition for writ of habeas corpus.

AFFIRMED.