[No. F025927. Fifth Dist. May 26, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM FOWLER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III, and IV.

## COUNSEL

Dawn M. Chan, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Carlos A. Martinez and Virna DePaul Meyers, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VARTABEDIAN, Acting P. J.**—Defendant William Fowler was convicted of engaging in an act of oral copulation while confined in a detention facility. In addition, it was found true he had suffered two prior serious felony convictions (a 1983 juvenile adjudication for rape and a 1990 adult rape conviction) within the meaning of the three strikes law found in Penal Code section 667, subdivisions (b)-(i).[1]

On appeal, defendant claims the application of the three strikes law runs afoul of the Constitution by including within the definition of a prior strike certain prior juvenile adjudications which did not afford the then-juvenile defendant a right to a jury trial. The published portion of this opinion addresses and rejects this assertion. In addition, defendant claims his case must be remanded for resentencing because the trial court was not aware it had discretion to strike one or more of his prior serious felony convictions. In the unpublished portion of this opinion, we agree to remand the matter for the trial court to exercise its discretion on the question of whether a prior strike should be stricken in the interest of justice; additionally, we reject defendant's claim that an express finding of fitness was required for his juvenile strike conviction and the People's claim that all presentence conduct credits must be stricken.

---

[1]All future code references are to the Penal Code unless otherwise noted.

DISCUSSION

I

*Can Defendant's Juvenile Adjudication Be Used as a Strike When It Occurred Without a Jury Trial or Waiver of a Jury Trial?*

■ In March of 1994, subdivisions (b)-(i) were added to section 667, thus enacting the Legislature's version of the three strikes law. "The statute's unambiguous purpose is to provide greater punishment for recidivists." (*People* v. *Davis* (1997) 15 Cal.4th 1096, 1099 [64 Cal.Rptr.2d 879, 938 P.2d 938].) "The state has a compelling interest in controlling crime and preventing and punishing recidivism." (*People* v. *Castello* (1998) 65 Cal.App.4th 1242, 1250 [77 Cal.Rptr.2d 314].) Recidivist sentencing statutes are utilized to protect the public "when a defendant's criminal conduct has been proven to be immune from ordinary modes of punishment." (*Id.* at pp. 1250-1251.) The three strikes law " 'is the articulation of a parallel sentencing scheme for specifically described recidivists.' " (*People* v. *Nobleton* (1995) 38 Cal.App.4th 76, 81 [44 Cal.Rptr.2d 611].) It is not an enhancement law. (*People* v. *Yarborough* (1998) 65 Cal.App.4th 1417, 1420, fn. 4 [77 Cal.Rptr.2d 402].) " 'When a defendant is convicted of a felony, and it is pleaded and proved that he has committed one or more prior felonies defined as "violent" or "serious," sentencing proceeds under the Three Strikes law "[n]otwithstanding any other law." ' " (*People* v. *Hazelton* (1997) 14 Cal.4th 101, 108 [58 Cal.Rptr.2d 443, 926 P.2d 423].)

The focus of the three strikes law is on the defendant's conduct, i.e., whether the defendant has not in the past obeyed the law. The three strikes law is not grounded on technicalities of definitions, but is based on findings of factual guilt. (*People* v. *Williams* (1996) 49 Cal.App.4th 1632, 1637 [57 Cal.Rptr.2d 448]; *People* v. *Castello, supra,* 65 Cal.App.4th at pp. 1252-1254.)

Section 667 provides its own definitions of prior felony convictions. These definitions are inclusive for subdivisions (b)-(i) of section 667 and are the definitions to be utilized when applying these subdivisions, notwithstanding any other law. (§ 667, subd. (d).) One of the definitions of the term "prior felony conviction," as that term is utilized in section 667, is subdivision (d)(3). It provides:

"(3) A prior juvenile adjudication shall constitute a prior felony conviction for purposes of sentence enhancement if:

"(A) The juvenile was 16 years of age or older at the time he or she committed the prior offense.

"(B) The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) or (2) as a felony.

"(C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law.

"(D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code."

■ Defendant claims that in passing section 667, subdivision (d)(3), "the Legislature has explicitly declared that some juvenile adjudications shall now constitute criminal convictions." He argues that the transformation of his juvenile adjudication into a prior felony conviction means that the right to a jury trial attached to the juvenile adjudication and because he did not have, or waive, a jury trial during the juvenile proceedings, his juvenile adjudication cannot be used as a strike.

■ "[T]here is a well-understood distinction between a juvenile ward-ship adjudication on the one hand, and adult criminal proceedings leading to a 'felony conviction.' " (*People* v. *Lucky* (1988) 45 Cal.3d 259, 295 [247 Cal.Rptr. 1, 753 P.2d 1052].) It is settled that while certain constitutional protections enjoyed by adults accused of crimes also apply to juveniles (e.g., notice of charges, right to counsel, privilege against self-incrimination, right to confrontation and cross-examination, double jeopardy, proof beyond a reasonable doubt), ". . . the Constitution does not mandate elimination of all differences in the treatment of juveniles." (*Schall* v. *Martin* (1984) 467 U.S. 253, 263 [104 S.Ct. 2403, 2409, 81 L.Ed.2d 207].) Thus, juveniles enjoy no state or federal due process or equal protection right to a jury trial in delinquency proceedings. (*Ibid.*; *McKeiver* v. *Pennsylvania* (1971) 403 U.S. 528, 543-551 [91 S.Ct. 1976, 1985-1989, 29 L.Ed.2d 647]; *Alfredo A.* v. *Superior Court* (1994) 6 Cal.4th 1212, 1225 [26 Cal.Rptr.2d 623, 865 P.2d 56]; *People* v. *Superior Court* (*Carl. W.*) (1975) 15 Cal.3d 271, 274 [124 Cal.Rptr. 47, 539 P.2d 807]; *In re Jose M.* (1994) 21 Cal.App.4th 1470, 1480 [27 Cal.Rptr.2d 55]; *In re T.R.S.* (1969) 1 Cal.App.3d 178, 181-182 [81 Cal.Rptr. 574].)

■ It is well established that the trial court may consider a defendant's juvenile adjudications as evidence of past criminal conduct for the purpose of increasing an adult defendant's sentence. (*People* v. *Lucky, supra,* 45 Cal.3d at p. 295, fn. 24.) California Rules of Court, rule 421(b) sets forth

facts relating to a defendant which can be used to aggravate a sentence and includes that "[t]he defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." Federal law also permits consideration of juvenile records in determining an appropriate sentence. (*U.S.* v. *Johnson* (D.C. Cir. 1994) 28 F.3d 151, 155 [307 App.D.C. 284]; *U. S.* v. *Williams* (9th Cir. 1989) 891 F.2d 212, 213-215, cert. den. *sub nom. Williams* v. *United States* (1990) 494 U.S. 1037 [110 S.Ct. 1496, 108 L.Ed.2d 631]; *McCullough* v. *Singletary* (11th Cir. 1992) 967 F.2d 530, cert. den. (1993) 507 U.S. 975 [113 S.Ct. 1423, 122 L.Ed.2d 792].)[2]

By enacting the three strikes law, the Legislature has not transformed juvenile adjudications into criminal convictions; it simply has said that, under specified circumstances, a prior juvenile adjudication may be used as evidence of past criminal conduct for the purpose of increasing an adult defendant's sentence. The three strikes law's use of juvenile adjudications affects only the length of the sentence imposed on an adult offender, not the finding of guilt in the adult court nor the adjudication process in the juvenile court. Since a juvenile constitutionally—and reliably (*McKeiver* v. *Pennsylvania, supra,* 403 U.S. at p. 547 [91 S.Ct. at p. 1987])—can be adjudicated a delinquent without being afforded a jury trial, there is no constitutional impediment to using that juvenile adjudication to increase a defendant's sentence following a later adult conviction.[3]

---

[2]In *Almendarez-Torres* v. *United States* (1998) 523 U.S. 224 [118 S.Ct. 1219, 140 L.Ed.2d 350], the United States Supreme Court repeatedly referred to recidivism as a question going to punishment only and stated that recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." (*Id.* at p. 243 [118 S.Ct. at p. 1230].) Commenting on *Almendarez-Torres* v. *United States*, the Supreme Court in *Jones* v. *United States* (1999) 526 U.S. 227, __ [119 S.Ct. 1215, 1227, 143 L.Ed.2d 311] stated: "The Court's repeated emphasis on the distinctive significance of recidivism leaves no question that the Court regarded that fact as potentially distinguishable for constitutional purposes from other facts that might extend the range of possible sentencing."

The three strikes law is a statute targeting recidivists. It is not to be judged by a standard different from treatment of prior criminal behavior in other sentencing contexts, and might, as stated in *Jones* v. *United States*, be "distinguishable for constitutional purposes from other facts that might extend the range of possible sentencing." (526 U.S. at p. __ [119 S.Ct. at p. 1227].)

[3]Relying on *People* v. *Sumstine* (1984) 36 Cal.3d 909 [206 Cal.Rptr. 707, 687 P.2d 904], defendant argues that the failure to provide him the right to a jury trial renders the juvenile adjudication-conviction itself unconstitutional. Thus, he says, his sentence cannot be enhanced based on an invalid conviction. In *People* v. *Sumstine, supra,* the court held a defendant whose sentence is enhanced by a prior conviction may collaterally attack the validity of that conviction on the ground he or she was not informed of or did not waive his or her constitutional rights, including that of trial by jury. (*Id.* at p. 914.) However, *Sumstine* addressed prior *adult* convictions, concerning which there is a constitutional right to a jury trial; it has no application here.

In *In re Myresheia W.* (1998) 61 Cal.App.4th 734 [72 Cal.Rptr.2d 65], the appellate court found that a minor is not entitled to a jury trial even though the juvenile adjudication may

A prior juvenile adjudication of a section 667, subdivision (d)(3)(B) offense demonstrates beyond a reasonable doubt (Cal. Rules of Court, rule 1488(e)) that a defendant has engaged in serious criminal behavior in the past. By reoffending, a defendant shows he has failed to draw the proper lesson from the previous judicial determination that he violated the law. This failure warrants harsher punishment in the adult proceeding. (*Witte* v. *United States* (1995) 515 U.S. 389, 400 [115 S.Ct. 2199, 2206, 132 L.Ed.2d 351].) The fact defendant was neither afforded nor waived a jury trial at the prior juvenile adjudication does not prevent the use of that adjudication as a strike for purposes of sentencing in his current adult proceeding.

II-IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

We remand for the limited purpose of conducting a *Romero* hearing. (*People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].) In all other respects, the judgment is affirmed.

Harris, J., and Levy, J., concurred.

---

constitute a prior conviction that could subject the minor to increased punishment under the Three Strikes law. "The collateral impact of the Three Strikes law does not change the fundamentally different nature of juvenile and adult court proceedings." (*Id.* at p. 741.)

 *See footnote, *ante*, page 581.