[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2008
THOMAS K. KAHN
CLERK

No. 07-10772
Non-Argument Calendar

_____

D. C. Docket No. 05-01071-CV-J-12-HTS

RAYMOND N. WILL,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
FL ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 16, 2008)

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Raymond N. Will, a Florida prisoner serving a 40-year term of imprisonment for second-degree murder and arson, appeals the district court's denial of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254. We granted Will a limited certificate of appealability ("COA") on the following issues:[1]

(1)     Whether the district court erred in failing to conduct an evidentiary hearing on Will's claim that he asked for a lawyer during an unrecorded break in his interrogation, but was refused by law enforcement; and

(2)     Whether the district court erred in failing to conduct an evidentiary hearing on Will's claim that his counsel failed to investigate and raise a defense based on his mental status in order to support his self-defense theory.

We review a district court's decision to grant or deny an evidentiary hearing for abuse of discretion. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005), cert. denied, 547 U.S. 1073 (2006).

After thorough review of the record and careful consideration of the parties' briefs, we affirm the district court's judgment denying habeas relief.

The relevant facts are these. In the instant habeas petition, Will argued that his trial counsel was ineffective on two grounds. First, Will asserted that counsel was ineffective by failing to file a motion to suppress Will's confession on the

---

[1]We DENY Will's motion to expand the COA, which he filed after the government had filed its answer brief, as untimely.

basis that it was obtained without a voluntary, knowing, and intelligent waiver of his Miranda[2] rights.  According to Will, his confession to police was involuntary because he was under the influence of drugs at the time and he was "rushed" into signing a "one size fits all" Miranda waiver, believing that he was consenting only to a search of his property.  In support of habeas relief, he also contended that he did not understand his rights, and that the detectives misled him by saying that they knew that he acted in self-defense, and, if he cooperated, he would only be charged with improper disposal of a human body.

Will urged that the state habeas court's decision was contrary to clearly established federal law, and was based on an unreasonable application of the facts to federal law, because the state court: (1) did not look to the totality of the circumstances to determine whether his waiver of Miranda was knowing and voluntary; (2) misapplied the law relating to coerced confessions, in that it did not consider the detectives' threats to charge him with more serious crimes if he did not cooperate, or promises to prosecute him less severely if he confessed; (3) erroneously relied upon recorded statements; and (4) made no findings with respect to his claim that he requested, but was denied, counsel during the interrogation. Will requested an evidentiary hearing on factual issues unresolved by the state

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

habeas court and argued that the state court had made insufficient factual findings to determine that he had waived his Miranda rights.

Most notably, for purposes of the issue framed in our COA, Will argued, for the first time in his § 2254 petition, that his confession was involuntary based on his statement, during an unrecorded break in the interrogation room, that he "probably needed a lawyer." According to Will, when he said this, a detective persuaded him that requesting an attorney would make him look guilty.

Will's second ineffective-assistance claim concerned counsel's alleged ineffectiveness for failing to investigate and present evidence on his mental health, to support his self-defense theory. Will asserted that he told his attorney that, at the time when he shot the victim (Will's stepfather), he was under extreme psychological stress due to his stepfather's abuse of him and other family members, and this stress led him to overreact to a perceived threat from his stepfather. He argued that a psychologist had interviewed him, pursuant to a court order appointing a psychologist, but the psychologist did not have the opportunity to complete his evaluation and did not testify at trial. Will contended that if his counsel had presented such evidence, he would have been convicted of manslaughter, rather than second-degree murder, or acquitted.

Will requested an evidentiary hearing on factual issues unresolved by the state habeas court. He argued that the state court had made insufficient factual findings to determine that he had waived his Miranda rights.

Along with his petition, Will submitted several exhibits, including the Florida habeas court's order denying, without an evidentiary hearing, his Fla. R. Crim. P. 3.850 motion for post-conviction relief. The Florida habeas court characterized Will's motion-to-suppress claim as follows:

> He contends that officers tricked him by telling [him] to cooperate because the only charge he could possibly face would be disposal of a human body; he was rushed into signing a document which he believed was a search warrant, although it was actually a Miranda waiver; he was threatened with the death penalty if he refused to continue with the interrogation; and he requested that questioning cease, but officers ignored his request and threatened more severe charges.

The state habeas court, applying the standards adopted in Strickland v. Washington, 466 U.S. 668 (1984),[3] concluded that Will's counsel had not been ineffective on this basis, finding that a videotape of Will's interrogation, a transcript of which was presented to the court, showed that Will acknowledged to one of the interviewing detectives that he understood that he was in custody, had

---

[3]   In Strickland, the Supreme Court established a two-part test for analyzing ineffective-assistance claims. First, under the performance prong, a habeas petition must establish that counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. Second, under the prejudice prong, the petitioner must demonstrate that counsel's deficient performance prejudiced his defense. Id. at 691-92.

5

been read his rights, and had agreed to talk. The state habeas court found that this refuted Will's claim that he did not wish to continue questioning, and, therefore, "counsel had no legal basis to file a motion to suppress, and there is no reasonable probability that such a motion would have been granted."

Regarding Will's claim based on mental health evidence, the state habeas court found:

> This claim is conclusory and, therefore, insufficient to establish prejudice. The only expert testimony which would have been admissible would have been that which established the elements of insanity, and Defendant does not allege facts which would support such a finding. Expert testimony on the effects of fear and threats would not have been admissible to show that Defendant had a "diminished capacity" to commit the offense charged.

Accordingly, under Strickland, counsel's failure to present the mental health evidence, even if deficient on the performance prong, resulted in no prejudice to Will's defense. The state court denied Will's claim for post-conviction relief on all of his asserted grounds. The state appeals court affirmed, without comment.

In response to Will's § 2254 petition and, more specifically, his request for an evidentiary hearing on the petition, the government urged that an evidentiary hearing was not warranted because the claims already were sufficiently developed in the record. The government conceded that Will

6

had exhausted his state post-conviction remedies as to each of his claims, but argued that he had not demonstrated that the state habeas court's decision was an unreasonable application of federal law, or an unreasonable interpretation of the facts. On Will's first ineffective-assistance claim, the government argued that counsel had not performed deficiently by failing to file a motion to suppress Will's taped confession, noting the state habeas court's finding that Will understood and voluntarily waived his Miranda rights prior to his interrogation. The government also asserted that the record reflected Will "gave a full and detailed confession prior to taking their first break on tape," and, thus, his claim of coercion during a subsequent break was refuted by the record.

The government also disputed the ineffective-assistance claim based on counsel's failure to assert the theory of "self-defense." The government argued that under Florida law, evidence of an abnormal mental condition not constituting legal insanity is not admissible for the purpose of proving that a defendant could not or did not entertain the specific intent necessary for proof of the offense. Thus, according to the government, Will's counsel was not ineffective for failing to present evidence of his mental condition since,

barring evidence of insanity, such evidence is not admissible to negate murder charges.

The government also submitted several items from the record of the state court proceedings, including transcripts from Will's trial, at which Detective Richard Lallement, of the Orange County Sheriff's Office, testified that he, along with Detective Chuck Deisler, conducted a videotaped interview of Will after his arrest. Detective Lallement testified that Will did not indicate that he was, nor did he appear to be, under the influence of drugs or alcohol. Prior to the interview, Lallement advised Will of his <u>Miranda</u> rights by reading, "line-by-line, word-for-word," a "one-size fits all" form that contained the <u>Miranda</u> warnings. Detective Lallement testified that he specifically read to Will the portion of the form that informed him of his entitlement to an attorney and that, if he invoked his right to remain silent or consult an attorney, all questioning would stop, and Will stated that he did not want to consult an attorney prior to the interview. Moreover, Lallement testified, he asked Will whether anyone had threatened, coerced, or promised him anything in order to induce him into making a statement, and Will stated that nobody had done so, and he wished to make a statement. Detective Lallement also testified that, at no point

8

during the interview, did Will state that he had changed his mind and did not wish to talk.

The taped interview further revealed that Will initially told the detectives that he shot his stepfather because he thought that his stepfather was planning to kill him, and he perceived his stepfather reaching for a gun. Will took a break from the interrogation to smoke a cigarette, and, upon his return to the interview room, after further interrogation, he eventually confessed that he shot his stepfather in the back of the head while his stepfather was engaged in casual conversation with him and looking away, in order to stop his stepfather from intimidating his family, but he did not fear that his stepfather was going to kill him at the time.

The district court denied Will's request for an evidentiary hearing and denied his § 2254 petition, with prejudice, as to all of his asserted grounds. Regarding the issue of Will's confession, the court relied on Detective Lallement's testimony at Will's trial, in which the detective stated that: (1) Will did not appear to be under the influence of drugs and alcohol; (2) he read Will his Miranda rights "line-by-line, word-for-word," and Will stated that he understood and wished to make a statement; and (3) he did not make Will any promises or threaten Will. The district court found that, in light of

Detective Lallement's testimony, and because the record did not otherwise demonstrate that the detectives had coerced Will, his counsel's decision not to file a motion to suppress could have been based on his reasonable belief that such a motion would have been meritless, and, therefore, Will's counsel did not perform deficiently. The district court concluded that since it was "highly unlikely" that such a motion would have been successful in light of the record, Will's ineffective-assistance-of-counsel-claim was without merit.

As for the second ineffectiveness claim, based on counsel's failure to present mental health evidence in support of Will's theory of self-defense, the district court agreed with the state court's finding that evidence of Will's psychological symptoms would not have been admissible under Florida law. The district court highlighted the portion of Will's interrogation during which Will specifically confessed that he had <u>not</u> acted in self-defense. Thus, the district court concluded, admission of evidence of Will's psychological condition would not have changed the outcome of his trial. Therefore, the court found, counsel's performance was not deficient, and Will had not demonstrated prejudice. This appeal followed.

The first issue certified for appeal in our COA is whether the district court erred by failing to conduct an evidentiary hearing on Will's claim that

he asked for a lawyer during an unrecorded break in his interrogation, but was refused by law enforcement. On appeal, Will argues that the district court was required to conduct an evidentiary hearing before it credited as true Detective Lallement's trial testimony, for purposes of measuring counsel's decision not to file a motion to suppress based on his request for a lawyer.[4] Will urges that without an evidentiary hearing, the district judge could not judge the veracity of Lallement's statements.[5] Will also asserts that because the statements were the only evidence of his guilt, if the motion to suppress his confession might have been successful, the district court erred by finding, without an evidentiary hearing, that his counsel's failure to file such a motion did not cause him prejudice.

---

[4]   We are unpersuaded by the government's claim that Will procedurally defaulted this argument. While "[i]t is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar," the government may forfeit such a procedural bar, under 28 U.S.C. § 2254(b)(3), by expressly waiving the exhaustion defense in the district court. McNair, 416 F.3d at 1305. Here, the government, in its response to Will's § 2254 petition, conceded that Will had exhausted the claim encompassing the issue of whether he requested an attorney during his interrogation. As a result of this concession, the district court did not address exhaustion and we granted a COA on this issue. Therefore, because the government expressly waived the exhaustion requirement, Will's claim is not procedurally barred, and we will review it.

[5]   To the extent Will asserts arguments going to the merits of his habeas petition, those claims go beyond the scope of our COA and we will not consider them.

A § 2254 petitioner asserting that his state trial counsel was ineffective is entitled to an evidentiary hearing only if his factual allegations, if proven, would indicate that the state courts acted contrary to, or unreasonably applied, clearly established federal law in rejecting his ineffective-assistance-of-counsel claim. Atwater v. Crosby, 451 F.3d 799, 812 (11th Cir.), cert. denied, 127 S. Ct. 951 (2007). Moreover, under § 2254(e)(2), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court shall not hold an evidentiary hearing on a claim if the petitioner has failed to develop the factual basis in state court, unless the petitioner shows that:

> (A) the claim relies on – (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). If the petitioner was not diligent in his efforts to develop his claim in state court, he may not receive an evidentiary hearing unless he can satisfy the provisions of § 2254(e)(2)(A) and (B). Williams v. Taylor, 529 U.S. 420, 437 (2000); McNair, 416 F.3d at 1298-1300.

12

Here, Will failed to raise before the state habeas court his claim that his trial counsel was ineffective for failing to move to suppress his confession on the basis that he requested, but was refused, counsel during an unrecorded break in his interrogation. Instead, in his Rule 3.850 motion, he asserted his counsel should have filed a motion to suppress his interview statements because (1) the interviewing detectives told him to cooperate because the only charge he could possibly face would be disposal of a human body; (2) he was rushed into signing a document which he believed was a search warrant, although it was actually a Miranda waiver; (3) he was threatened with the death penalty if he refused to continue with the interrogation; and (4) he requested that questioning cease, but officers ignored his request and threatened more severe charges. At no point in his state habeas proceedings did he so much as suggest that he had requested counsel during his interrogation. Accordingly, he did not sufficiently develop the factual basis of the claim in state court, and, thus, under § 2254(e)(2), the district court was not permitted to hold an evidentiary hearing on the claim.

We likewise are unpersuaded by Will's arguments on the second issue in our COA -- whether the district court erred by failing to conduct an

13

evidentiary hearing on his claim that counsel was ineffective for failing to investigate and raise a defense based on his mental health, in support of his self-defense theory. Under § 2254, we only may grant habeas corpus relief "with respect to any claim that was adjudicated on the merits in State court proceedings" if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2) (emphasis added).

Although an ineffective-assistance-of-counsel claim is a <u>federal</u> constitutional claim, which we consider in light of the clearly established rules of <u>Strickland</u>, when "the validity of the claim that [counsel] failed to assert is clearly a question of <u>state</u> law, . . . we must defer to the state's construction of its own law." <u>Alvord v. Wainright</u>, 725 F.2d 1282, 1291 (11th Cir. 1984) (affording deference to state court's decision "to the extent it decide[d] the validity of [the petitioner's] underlying state law claims") (emphasis added) (superseded on other grounds); <u>see also</u> <u>Callahan v. Campbell</u>, 427 F.3d 897, 932 (11th Cir. 2005) (holding that "[i]t is a fundamental principle that state courts are the final arbiters of state law, and

14

federal habeas courts should not second-guess them. . ." (quotation omitted)). Put another way, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992); Hunt v. Tucker, 93 F.3d 735, 737 (11th Cir. 1996) (federal courts entertaining petitions for writs of habeas corpus must follow the state court's interpretation of a state law absent a constitutional violation).

Because the state court decided that Will's proffered evidence of his mental state was not admissible for any valid state law defense, and Will did not present a basis upon which the district court could conclude that the state court erroneously applied federal law or unreasonably interpreted the facts, the district court did not err by failing to hold an evidentiary hearing on this claim. This is so because Will's argument implicated no federal constitutional violation and thus did not constitute a basis for federal habeas relief. McCullough, 967 F.2d at 535; Hunt, 93 F.3d at 737. Accordingly, the district court did not abuse its discretion by failing to conduct an evidentiary hearing on such a claim.

We affirm the district court's denial of an evidentiary hearing as to the two claims identified in our COA and affirm the district court's judgment denying habeas relief.

**AFFIRMED.**