[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14789
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2012
JOHN LEY
CLERK

D. C. Docket No. 4:10-cv-00025-CDL

JAMES HOLSEY,

                                        Petitioner-Appellant,

versus

DANNY THOMPSON,
Warden,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 21, 2012)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.


PER CURIAM:

James Holsey, a Georgia prisoner, appeals the district court's denial of his pro se 28 U.S.C. § 2254 habeas corpus petition, challenging his convictions for malice murder, aggravated assault, possession of a firearm by a convicted felon, possession of a firearm during the commission of a crime, and kidnapping.[1] Holsey was sentenced to life imprisonment plus 25 years for his offenses. Reversible error has been shown; we affirm in part and vacate and remand in part for additional proceedings.

Holsey raised seven claims in his section 2254 petition, four of which are at issue on appeal. In Grounds Two and Three, Holsey argued that the Georgia Supreme Court erred in concluding that the trial court's erroneous evidentiary ruling and jury instruction were harmless. In Grounds Six and Seven, Holsey argued that the state habeas court erred in denying his ineffective assistance of counsel claim and in failing to address his claim that insufficient evidence existed to prove the asportation element of kidnapping.

The district court denied Grounds Two and Three, concluding that they raised issues of pure state law and, thus, were not cognizable under federal habeas review. The district court also denied Grounds Six and Seven as non-cognizable

---

[1] We review the district court's denial of habeas relief de novo and review the court's findings of fact for clear error. Pruitt v. Jones, 348 F.3d 1355, 1356 (11th Cir. 2003). In addition, we construe liberally pro se pleadings. Bellizia v. Fla. Dep't of Corr., 614 F.3d 1326, 1329 (11th Cir. 2010).

under federal habeas review because they alleged errors in the state habeas proceedings instead of challenging Holsey's confinement itself. We granted a certificate of appealability on "[w]hether the district court erred by failing to liberally construe Holsey's second, third, six[th,] and seventh claims as alleging the underlying substantive claims for relief."

We see no error in the district court's denial of Grounds Two and Three. That "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved" is well established. McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992). On direct appeal, the Georgia Supreme Court -- interpreting and applying only Georgia law -- concluded that the trial court erred when it sustained an objection to defense counsel's attempt to impeach a witness with an inconsistent statement and when it instructed the jury on Holsey's earlier felony drug conviction. The high court determined, however, that these errors were harmless because they did not contribute to the guilty verdict. Because Holsey challenges the Georgia Supreme Court's interpretation of Georgia law, Grounds Two and Three are not cognizable under federal habeas review.

We also see no error in the district court's denial of Ground Seven, in which Holsey challenged the state habeas court's failure to address his sufficiency of the

3

evidence claim. We have established that a challenge to a state collateral proceeding -- like the one in Ground Seven -- does not undermine the legality of the conviction itself and, thus, alleged defects in such proceedings do not provide a basis for habeas relief. See Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir.), cert. denied, 130 S.Ct. 500 (2009). In addition, to the extent that Holsey addressed the underlying merits of his sufficiency of the evidence claim, he relied on various Georgia cases and on an alleged change in the Georgia kidnapping statute. Thus, his claim is one of pure state law and is non-cognizable under federal habeas review. See McCullough, 967 F.2d at 535.

In Ground Six, Holsey alleged that the state habeas court erred in denying his ineffective assistance of counsel claim. In doing so, he described 15 different issues that his counsel failed to raise on appeal. In his reply brief in the district court, Holsey also cited to Strickland v. Washington, 104 S.Ct. 2052 (1984), and to other federal cases addressing ineffective assistance of counsel claims. That Holsey intended to argue the merits of his underlying ineffective assistance of counsel claim is clear enough.[2] The district court erred in concluding that Ground Six failed to raise a federal issue; therefore, we vacate and remand for the district

---

[2]The state concedes on appeal that the district court should have construed Ground Six as asserting the underlying ineffective assistance of counsel claim.

court to review the merits of Holsey's underlying ineffective assistance of counsel claim: Ground Six.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.