[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11034

Non-Argument Calendar

_____

WILLIAM A. GREGORY,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

2                    Opinion of the Court                    22-11034

D.C. Docket No. 3:18-cv-01378-TJC-MCR

_____

Before JORDAN, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

William Gregory, a Florida prisoner proceeding *pro se*, appeals the District Court's denial of both his 28 U.S.C. § 2254 petition and his motion to alter or amend the judgment against him under Federal Rule of Civil Procedure 59(e). On appeal, Gregory first argues that the District Court unreasonably applied deference to the state court rulings denying his motions to (1) disqualify the trial judge and (2) suppress testimony from a witness, because the District Court did not have copies of the relevant state court motions and transcripts to determine whether the state court adjudicated the issues correctly. Second, Gregory argues that the District Court erred by not addressing all claims raised in his § 2254 petition, specifically, Ground 11, as required by *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc).

## I.

A jury in the state of Florida convicted William Gregory of breaking into the home of Skyler Meekins, the mother of his child, and killing both Meekins and her new boyfriend, Daniel Dyer, with a shotgun. He was sentenced to death for both murders. *Gregory v. State*, 118 So. 3d 770, 777–78 (Fla. 2013).

Gregory raised five issues on direct appeal to the Florida Supreme Court. As relevant here, he argued that the trial court erred

(1) by denying his motion to disqualify the judge; (2) by denying his third motion *in limine* to exclude the testimony of a former coworker of Gregory's; and (3) by admitting, over Gregory's objection, double hearsay testimony from two witnesses. The Florida Supreme Court rejected all Gregory's arguments and held that the evidence was sufficient to support his first-degree murder convictions. *Id.* at 787.

Gregory then filed a Motion to Vacate Judgment and Sentence pursuant to Florida Rule of Criminal Procedure 3.851. *State v. Gregory*, 224 So. 3d 719, 727 (Fla. 2017). His motion asserted twelve claims, none of which are relevant in the instant case. Following an evidentiary hearing, the post-conviction court denied all Gregory's claims. *Id.* at 728. Gregory had also filed—without court permission—a successive post-conviction motion based on newly discovered evidence, which was denied as well. *Id.* at 736. The Florida Supreme Court affirmed the state post-conviction court's order denying Gregory relief. *Id.* at 737.

The Florida Supreme Court did, however, vacate Gregory's death sentences pursuant to *Hurst v. Florida*, 136 S. Ct. 616 (2016), because a jury had not found all the facts necessary to impose a death sentence. *Id.* Further, the Florida Supreme Court found that the jury in Gregory's case had not unanimously recommended the death penalty, which was required before a trial court could impose such a sentence. *See Hurst v. State*, 202 So. 3d 40, 57 (Fla. 2016). Gregory was resentenced and is currently serving three consecutive life sentences in a Florida prison for two counts of first-degree

murder and one count of burglary while armed with a firearm, as well as a concurrent 15-year sentence for possession of a firearm by a convicted felon.

Following his resentencing, Gregory filed a federal habeas petition pursuant to 28 U.S.C. § 2254 on November 20, 2018. Gregory's petition raised eleven grounds for relief. As relevant here, he claimed that the trial court erred by (1) denying Gregory's motion to disqualify the trial judge (Ground 8); (2) denying Gregory's third motion *in limine*, which sought to exclude the testimony of Gregory's former coworker (Ground 9); and (3) admitting double hearsay testimony from two witnesses over Gregory's objection (Count 11).

The State's response argued that, with respect to Grounds 8 and 9, Gregory's claims were unexhausted and without merit. According to the State, Gregory presented these arguments on direct appeal, but made no federal law argument in support of the claims; the State also argued that these claims were grounded exclusively in state law. Gregory had only cited state law cases, and the Florida Supreme Court analyzed the claims only under state law standards. In any event, the State argued that the Florida Supreme Court properly rejected both claims. The State did not address Ground 11. Gregory's reply argued that Grounds 8 and 9 of his petition did raise a fundamental right—the right to a fair trial.

On February 7, 2022, the District Court denied Gregory's petition and dismissed it with prejudice. Regarding Ground 8,

whether the trial judge should have been disqualified, the District Court stated:

> If Petitioner urges that the state court erred under Florida law when it allowed the state to present this evidence, this assertion is not cognizable on federal habeas review.  However, to the extent this claim is cognizable here, the Florida Supreme Court's adjudication is entitled to deference.  And in applying such deference, the Court concludes that the state court's decision was not based on an unreasonable determination of the facts given the evidence presented to the state court, nor was it based on an unreasonable application of clearly established federal law.

Order, Doc. 19 at 42–43.

With respect to Ground 9, the admissibility of testimony, the District Court reasoned that federal courts in habeas cases generally will not review the trial court's actions concerning the admissibility of evidence, because the state court has wide discretion in determining whether to admit evidence at trial.  Again, however, the Court stated that, to the extent the claim was properly presented to the District Court, the Florida Supreme Court's decision was entitled to deference.  Importantly, neither a copy of the relevant motions, nor a transcript of the relevant hearing, were before the District Court with respect to Grounds 8 and 9.  The District Court did not address Ground 11.

Gregory then moved to alter or amend the order denying his petition under Federal Rule of Civil Procedure 59(e). In this motion, Gregory stated that he was not abandoning his request for relief on any of the grounds raised in his § 2254 petition, but his argument in the motion was limited to Grounds 1 and 3, which are not before us on appeal. The District Court denied this motion as well.

Gregory timely appealed the District Court's judgment and order denying his habeas petition, as well as the order denying his motion to alter and amend judgment. We granted a certificate of appealability ("COA") on two issues:

(1)     Whether the District Court properly applied the deference standard in 28 U.S.C. § 2254(d) in denying Grounds 8 and 9 of Gregory's 28 U.S.C. § 2254 petition, when neither a copy of the relevant motions, nor a transcript of the relevant hearing(s), were included in the district court record?

(2)     Whether the District Court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), by failing to address Gregory's claim, asserted as Ground 11 of his 28 U.S.C. § 2254 petition, that the trial court erred in admitting the "double hearsay" testimony of two state witnesses?

On appeal, Gregory argues that the District Court's deference to the state court rulings was unreasonable because the Court did not have copies of the relevant court motions and transcripts,

so it could not have properly determined whether the state court correctly adjudicated Grounds 8 and 9.  He also argues that, in failing to address Ground 11 altogether, the District Court committed a *Clisby* error.

The State responds by arguing that the District Court first found that Grounds 8 and 9 of Gregory's petition did not raise federal constitutional violations. The State also argues that the District Court did not commit reversible error, even in affording the Florida Supreme Court deference, because "there were more than sufficient facts contained within the briefs and filed on direct appeal and [in] the decision of the Florida Supreme Court . . . from which the district court judge could ascertain the facts and properly apply the deference standard of section 2254(d)."  The State agrees with Gregory that remand is required to address Ground 11.

## II.

We review the district court's denial of a § 2254 petition *de novo,* but are highly deferential to the state court's decision.  *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008) (per curiam).  Under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), after a state court has adjudicated a claim on the merits, a federal court may grant a writ of habeas corpus only if the state court's decision:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an un-
>         reasonable determination of the facts in light
>         of the evidence presented in the State court
>         proceeding.

28 U.S.C. § 2254(d).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410, 120 S. Ct. 1495, 1522 (2000). A state court decision is an "unreasonable application" of clearly established law if the state court unreasonably applied the established law to the facts of the case. *Id.* at 407, 120 S. Ct. at 1520.

Thus, a state prisoner seeking federal habeas relief "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 786–87 (2011). We have stated that, "[t]o review the actions of a state trial court . . ., federal habeas courts[,when evaluating the application of deference,] must examine the state trial record, rather than rely solely on the state appellate court's findings as to what the trial record contains." *See Ferguson*, 527 F.3d at 1149 (holding that the district court erred in deferring to the state appellate court's factual findings on a self-representation claim without examining the trial court record).

However, federal habeas relief is not available for "errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480

(1991).  We have explained that "state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005) (quotation marks omitted).  A state's interpretation of its own laws or rules, therefore, provides no basis for federal habeas corpus relief because no question of a constitutional nature is involved. *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992).

Specifically, "[a]s a general rule, a federal court in a habeas corpus case will not review the trial court's actions concerning the admissibility of evidence." *Alderman v. Zant*, 22 F.3d 1541, 1555 (11th Cir. 1994).  However, when a petitioner claims that a state court ruling deprived him of his right to due process, "a federal court should then 'inquire only to determine whether the error was of such magnitude as to deny fundamental fairness to the criminal trial . . . .'" *Id.* (quoting *Osborne v. Wainwright*, 720 F.3d 1237, 1238 (11th Cir. 1983)) (alteration adopted).

Additionally, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); 28 U.S.C. § 2254(b)(1)(A).  Accordingly, he "must make the state court aware that the claims asserted present federal constitutional issues." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).  A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds,

or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351 (2004).

This Court has found that a petitioner failed to fairly present the federal grounds for his claim where all the petitioner's substantive arguments concerned Alabama law, even though the petitioner cited to one federal district court case and referenced the "United States Constitution" in his concluding paragraph. *McNair v. Campbell*, 416 F.3d 1291, 1304 (11th Cir. 2005).

Here, the District Court erred by addressing the merits of Grounds 8 and 9 without having a full record to review the trial court's decision. *See Ferguson*, 527 F.3d at 1148–49. None of the records the District Court reviewed contained the motions at issue, a transcript of the relevant hearing or hearings, or the trial court's orders denying the motions at issue. This is especially problematic with respect to Ground 8, because the state court's rejection of Gregory's argument that the trial judge should have been disqualified relied on a finding that Gregory had misstated the judge's remarks—it is not possible to review this finding without the transcript of the hearing that contains the remarks in question.

However, the District Court's error is not grounds for reversal because the Court should not have even reached the merits of the claims. The claims raised in Grounds 8 and 9 presented pure state law issues, and federal habeas review is not available for errors of state law. *See Estelle*, 502 U.S. at 67, 112 S. Ct. at 480. Gregory raised those claims in his direct appeal. In his brief on direct appeal, he cited only Florida case law and Florida state court rules, indicating that he understood those to be state law claims. *See McNair*,

416 F.3d at 1304.  In ruling on the disqualification of the trial judge, the Florida Supreme Court cited only Florida precedent, Florida statutes, and Florida Rules of Judicial Administration.  *See Gregory*, 118 So. 3d at 778–80.  Similarly, in ruling on the admissibility of the statement Gregory made to his former coworker, the Florida Supreme Court cited only Florida precedent and Florida statutes.  *See id.* at 780–81.

To the extent that Gregory attempts to frame these as federal constitutional issues now, that argument also fails.  Because Gregory only cited state law to support these arguments on direct appeal, and because the Florida Supreme Court only cited state law in rejecting those claims and made no indication that it understood those claims to be federal in nature, any federal argument was not exhausted in the state court and cannot be reviewed on a § 2254 motion.  *See O'Sullivan*, 526 U.S. at 842, 119 S. Ct. at 1731; 28 U.S.C. § 2254(b)(1).

The bottom line is that, although the District Court improperly addressed the merits of the claims without reviewing the relevant record, Gregory is not entitled to habeas relief on those claims because they only concerned issues of Florida state law and are not cognizable on federal habeas review.  Accordingly, we affirm as to this issue.

**III.**

We review *de novo* the legal question of whether the District Court violated the rule in *Clisby* by failing to address a claim. *Dupree v. Warden*, 715 F.3d 1295, 1299–1300 (11th Cir. 2013).  In

*Clisby*, we held that district courts must resolve all claims for relief that a habeas petitioner raises, and when a district court fails to do so, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Clisby*, 960 F.2d at 938. We will remand without addressing whether the underlying claim has any merit. *Dupree*, 715 F.3d at 1299.

In the instant case, the District Court committed *Clisby* error because it did not address Ground 11 of Gregory's § 2254 petition—that the trial court erred by admitting the double hearsay testimony of two witnesses over Gregory's objection. As required by *Clisby*, we vacate as to this issue and remand for the District Court to consider Gregory's 11th ground for habeas relief.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**