[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 13, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13030
Non-Argument Calendar

_____

D. C. Docket No. 06-00514-CV-IPJ-TMP

DRAGO K. FERGUSON, JR.,

Petitioner-Appellant,

versus

GRANT CULLIVER,
ATTORNEY GENERAL OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 13, 2008)**

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

Drago K. Ferguson, an Alabama prisoner proceeding pro se, appeals the

district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We granted

a certificate of appealability ("COA") on the following two issues: (1) whether the

district court erred when it denied appellant's self-representation claims in the

absence of the trial transcript; and (2) whether the district court erred when it

found that appellant's claim concerning the withdrawal of his waiver of the

right-to-counsel had been adjudicated on the merits in state court. Ferguson argues

that the district court erred when it denied his claim that the state court violated his

right to due process by (1) failing to insure that he had knowingly and voluntarily

waived his right to counsel and had elected to represent himself at trial, and

(2) failing to conduct a Faretta[1] hearing. Ferguson concedes that he told the state

court that he wanted to represent himself, but alleges that the state trial court failed

to apprise him of the dangers and disadvantages of self-representation. Ferguson

also alleges that standby counsel was appointed to assist him, but that counsel

interfered with his right to self-representation by refusing to assist him in

subpoenaing three witnesses and refusing to allow him to cross-examine a state

witness.

Second, Ferguson argues that the district court erred when it found that the

---

[1] Faretta v. California, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L.Ed.2d 562 (1975).

state court of appeals had adjudicated on the merits his claim concerning the withdrawal of his waiver of the right-to-counsel. He asserts that the state court of appeals never addressed this issue and contends that, for this reason, the district court should have reviewed the claim de novo. Ferguson further argues that the state trial court did not inform him of his ability to withdraw his waiver of counsel at any time during the proceeding, as it was required to do.

For the reasons set forth more fully below, we vacate and remand to the district court for further proceedings.

I.

We review the district court's denial of a § 2254 petition de novo but are "highly deferential" to the state court's decision. Davis v. Jones, 506 F.3d 1325, 1331 (11th Cir. 2007). As amended by the AEDPA, 28 U.S.C. § 2254(d) forbids federal courts from granting habeas relief on claims that were previously adjudicated in state court, unless the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). We have held that a state court's summary rejection of a claim qualifies as an adjudication on the merits under § 2254(d) so as to warrant

3

deference.  Wright v. Moore, 278 F.3d 1245, 1253-54 (11th Cir. 2002).  In Wright, the defendant argued, as does Ferguson, that the district court erroneously gave deference under § 2254(d)(1) to the state court's rejection of his constitutional claim where the state court issued a two-sentence opinion affirming the defendant's convictions and sentences.[2]  Id. at 1252-54.  We concluded, however, that the defendant's federal claim was "raised on direct appeal and rejected on the merits without discussion" by the state appellate court and the state appellate court's summary rejection of the claim was thus an adjudication on the merits.  Id. at 1253-54.  We reasoned that the plain language of the statute only required "a rejection of the claim on the merits, not an explanation."  Id. at 1254-55.

Ferguson raised his Sixth Amendment claim in a Rule 32 petition for postconviction relief.  The state appellate court summarized the claim in a memorandum order before expressly rejecting all of Ferguson's claims.  Under Wright, Ferguson's argument that the claim was never directly addressed on the merits is foreclosed.

## II.

In reviewing the district court's denial of a 28 U.S.C. § 2254 petition, we

---

[2] In Wright v. State, 536 So.2d 1072 (Fla. 4th Dist. Ct. App. 1998), the state appellate court's two-sentence opinion stated "We affirm the convictions and life sentences imposed thereon for count I and count II."  The court remanded for clarification of whether the sentence would run consecutively or concurrently to the other sentences.

"review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error." Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000). "A district court's conclusion that a defendant's waiver [of assistance of counsel] is valid-that it is knowing, voluntary, and intelligent-is a mixed question of law and fact that we review de novo." United State v. Kimballs, 291 F.3d 726, 730 (11th Cir. 2002) (per curiam). In a habeas proceeding challenging a conviction, the petitioner has the burden of proving that the waiver did not meet constitutional standards. Strozier v. Newsome, 926 F.2d 1100, 1104 (11th Cir. 1991).

The Supreme Court has held that a defendant has a right to represent himself but, in order to represent himself, he must "knowingly and intelligently" waive his right to counsel. Faretta, 422 U.S. at 835, 95 S. Ct. at 2541. We have held that:

> To invoke his Sixth Amendment right under Faretta a defendant does not need to recite some talismanic formula hoping to open the eyes and ears of the court to his request. Insofar as the desire to proceed pro se is concerned, petitioner must do no more than state his request, either orally or in writing, unambiguously to the court so that no reasonable person can say that the request was not made. In this Circuit, the court must then conduct a hearing on the waiver of the right to counsel to determine whether the accused understands the risks of proceeding pro se.

Stano v. Dugger, 921 F.2d 1125, 1143 (11th Cir. 1991) (citations omitted). The purpose of the Faretta inquiry is to allow the trial court to determine whether the

5

defendant understands the risks of self-representation, and the trial court should inform the defendant of the nature of the charges against him, possible punishments, basic trial procedure and the hazards of representing himself. United States v. Kimball, 291 F.3d 726, 730 (11th Cir. 2002). The Supreme Court also has held that "the pro se defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . If standby counsel's participation over the defendant's objection effectively allows counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak instead of the defendant on any matter of importance, the Faretta right is eroded." McKaskle v. Wiggins, 465 U.S. 168, 178, 104 S. Ct. 944, 951, 79 L.Ed.2d 122 (1984).

Pursuant to 28 U.S.C. § 2254(f), where the petitioner challenges the sufficiency of the evidence used to support the state court's factual determinations, the petitioner has the burden to provide the district court with the relevant portions of the state trial court record. Nevertheless, if the petitioner "because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so." (Id.).

Here, the district court ordered the state to provide those portions of the state

6

trial court record, including transcripts, relevant to the issues addressed in its answer. Although the state provided several exhibits from the state court record, it failed to provide any transcripts of the trial proceedings. Nevertheless, the state did provide the district court with a copy of the state court of appeals' opinion affirming the denial of Ferguson's Rule 32 petition for post-conviction relief, which extensively references the state trial court transcript. Although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that district court's review factual determinations by "a State court" with deference, see 28 U.S.C. § 2254(d), (e)(1),[3] the question of whether a defendant's waiver of assistance of counsel is knowing, voluntary, and intelligent is a mixed question of law and fact, see Kimballs, 291 F.3d at 730. This raises the question: is it sufficient in a habeas case for the district court to review and defer to a state appellate court record in lieu of the state trial court record?

We have declined to address on appeal the merits in a habeas case where the district court was without the benefit of the state court record. See Wyzykowski v. Dep't of Corrs., 226 F.3d 1213, 1219 (11th Cir. 2000) (remanding to the district

---

[3] Specifically, § 2254(d)(2) provides, in pertinent part, that a district court may provide habeas relief if a state court's decision was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1). Section 2254(e)(1) provides, in pertinent part, that "[a] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2554(e)(1).

7

court for a factual determination of actual innocence where the state court record was not included in the record on appeal and the district court did not address the issue). Other circuits have held that a district court must consider relevant portions of the state court record in habeas cases in order to conduct a meaningful review. See Beck v. Bowersox, 257 F.3d 900, 901-02 (8th Cir. 2001) (holding that the district court erred in reaching the merits of petitioner's Fifth and Sixth Amendment claims without reviewing the state court suppression hearing transcript); Magouirk v. Phillips, 144 F.3d 348, 362-63 (5th Cir. 1998) (finding that the absence of relevant portions of the state court record, specifically, trial transcripts, prevented meaningful review of a § 2254 petition).

In Stewart v. Erwin, 503 F.3d 488 (6th Cir. 2007), the Sixth Circuit remanded a § 2254 petition to the district court after determining that the state failed to provide portions of the state trial court record that were essential for meaningful federal review of Stewart's due process claim. Id. at 498-504. In that case, Stewart claimed that his due process rights were violated because he was not granted an opportunity to rebut any of the evidence the state trial court relied upon in sentencing him, specifically, the victim impact statements. Id. at 491. On direct appeal, the Ohio Court of Appeals stated that it had reviewed the state court record and determined that, while the trial court had considered the victim impact

8

statements, it ultimately based Stewart's sentence on the facts contained in the presentence investigation report ("PSI") and Stewart's psychological evaluations. Id. at 492 (citation omitted). The record on appeal, however, did not contain either the victim impact statements or the psychological evaluations and the PSI. Id. at 499-500. Instead, in denying Stewart's § 2254 petition, the district court relied extensively on the state court of appeals' decision and found that any due process violation that occurred was harmless. Id. at 492, 500. However, the district court ordered the state to supplement the record with copies of the victim impact statements and the PSI. Id. at 491-92.

The Sixth Circuit held that, although the state court of appeals stated that it had reviewed the state court record and the state court's factual findings were "cloaked with a presumption of correctness," the district court was unable to conduct a meaningful review of Stewart's claim because the record on appeal "[did] not contain any of the pertinent materials reviewed by the Ohio Court of Appeals in making its findings." Id. at 500, 502. Accordingly, the court determined that the state was responsible for supplementing the record with the previously requested documents and directed the district court to grant Stewart's petition on remand if the state did not comply within 45 days. Id. at 501, 503-04.

Waiver of assistance of counsel is an issue with constitutional implications.

In light of Ferguson's self-representation claims, which (1) were fact intensive; (2) required the state court to ensure that Ferguson had knowingly and voluntarily waived his right to counsel; and (3) required the state court to determine whether standby counsel substantially interfered with tactical decisions or the questioning of witnesses, the absence of the trial record precluded the district court from conducting a meaningful review of the state court decision, even under the deferential standard imposed by the AEDPA. To review the actions of a state trial court with respect to self-representation claims, federal habeas courts must examine the state trial record, rather than rely solely on the state appellate court's findings as to what the trial record contains. Therefore, we remand Ferguson's Sixth Amendment claim to the district court for reconsideration in light of the state trial transcript.[4]

In light of the foregoing, we VACATE the district court's denial of Ferguson's 28 U.S.C. § 2254 petition and REMAND to the district court for further proceedings.

---

[4]We are making no comment on the merits of Ferguson's claims nor weakening in any way the deferential standard set forth in the AEDPA. We are simply holding that in order to conduct a meaningful review of the state court rulings, federal courts must have the opportunity of reviewing the trial transcripts and state court records underlying those rulings.