[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12683
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00277-CV-4

JOSE FERNANDO COLON,

Petitioner-Appellant,

versus

WARDEN FRED BURNETT,
ATTORNEY GENERAL OF GEORGIA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 3, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jose Colon appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. We granted a certificate of appealability to resolve whether, in the light of Ferguson v. Culliver, 527 F.3d 1144 (11th Cir. 2008), the district court erred by relying solely on the findings of the state appellate court to resolve Colon's challenges to the admission of victim impact testimony, a jury instruction about the state aggravated child molestation law, and the effectiveness of trial counsel. We vacate the denial of Colon's petition on these three issues and remand for reconsideration in the light of the state court transcript.

A petitioner is entitled to a writ of habeas corpus if the state court reached a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). To determine if a decision is "contrary to" clearly established federal law, the district court must consider whether the state court was presented with facts that are "materially indistinguishable" from Supreme Court precedent, but reached a contrary result. See Putman v. Head, 168 F.3d 1223, 1241 (11th Cir. 2001). To determine if the state court has unreasonably applied clearly established federal law, the district court must consider whether the state court "identifie[d] the correct legal rule from Supreme Court case law but unreasonably applie[d] that rule to the facts of the petitioner's case." Id. The findings of fact made by the state court are presumed to

be correct, but may rebutted by clear and convincing evidence to the contrary, 28 U.S.C. § 2254(e)(1), and may not be entitled to the same deference when the state fails to supply "the pertinent part of the record . . . ." Id. § 2254(f). Both grounds for relief often require the district court to examine the record of the state proceedings. See Ferguson, 527 F.3d at 1148–49.

Colon raises three issues that require the district court to review the state trial record. First, Colon argues that the admission of victim impact evidence violated his right to due process. To resolve this issue, the district court must determine whether an evidentiary error occurred and, if so, whether admission of the evidence "'so infused the trial with unfairness as to deny due process of law.'" Felker v. Turpin, 83 F.3d 1303, 1311–12 (11th Cir. 1996) (quoting Lisenba v. California, 314 U.S. 219, 228, 62 S. Ct. 280, 286 (1941)); see Ferguson, 527 F.3d at 1148–49 (discussing Stewart v. Erwin, 503 F.3d 488 (6th Cir. 2007)). Second, Colon argues that the trial court erred when it instructed the jury that it could find Colon guilty of aggravated child molestation if the act of molestation "physically injure[d] the child" or "involve[d] an act of sodomy" even though Colon was indicted only for the latter act. The district court must determine in the light of the other directions given to the jury whether the instruction constructively amended Colon's indictment and violated his right to due process. See Stirone v. United

3

States, 361 U.S. 212, 80 S. Ct. 270 (1960).  Third, Colon argues that trial counsel acted ineffectively when on cross-examination he asked a detective whether the victims' statements were credible.  The district court must resolve whether it was reasonable for the state court to conclude from the record that the question was used as part of a reasonable strategy to draw attention to inconsistencies in the victims' stories.  See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).

The record is unclear whether the district court possessed a copy of the record of the state court.  Colon submitted a number of exhibits, including the transcript of a hearing on his motion for a new trial and the order that denied the motion, but he did not file a transcript of his trial.  The magistrate judge instructed the state to "furnish with [its] answer a copy of any trial transcripts, the transcripts of any state habeas corpus proceedings," and the opinion of the state appellate court of any post-conviction proceeding, but the state did not file the transcripts or any other documents with its response.  Although the state filed a transcript of the trial with its answer to Colon's previous petition for a writ of habeas corpus and that transcript is available electronically, it is unclear whether the district court accessed that electronic record.

It is equally unclear whether the district court consulted a transcript before it

ruled on Colon's petition. The magistrate judge mentioned the "record" in his discussion of both the victim impact evidence and issue of ineffective assistance of counsel, but the magistrate judge relied on the findings of fact of the state appellate court. The order of the district court states that it reviewed the "record in this case," which as stated above was comprised only of those documents that Colon had submitted. The record contains no evidence that the district court reviewed the transcript of Colon's trial.

In the absence of an adequate record, we cannot meaningfully review the merits of Colon's appeal. We express no opinion about whether Colon is entitled to prevail on the merits of his petition.

We **VACATE** the denial of Colon's petition for a writ of habeas corpus to the extent that it presents issues about the admission of victim impact evidence, whether the jury instruction constructively amended Colon's indictment, and whether Colon's trial counsel was ineffective in cross-examining the detective about the victims' statements, and we **REMAND** for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**