[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

No. 08-14268
Non-Argument Calendar

_____

D. C. Docket No. 07-02283-CV-BE-S

DELVIN LENTER WILLIAMS,

Petitioner-Appellant,

versus

COMMISSIONER RICHARD ALLEN,
THE ATTORNEY GENERAL OF THE STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 16, 2009)

Before DUBINA, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Delvin Lenter Williams appeals the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We granted a certificate of appealability to resolve whether, in light of *Ferguson v. Culliver*, 527 F.3d 1144 (11th Cir. 2008), the district court erred by relying solely on the state appellate court's findings, in lieu of reviewing the state trial records, to determine that: (1) the trial court's admission of the victim's out-of-court statements did not result in a denial of due process; (2) the trial court did not err in denying appellant's motion for judgment of acquittal; (3) trial counsel did not render ineffective assistance in regard to his investigation of the credibility of two state witnesses and his statements during closing argument; and (4) appellate counsel was not ineffective for failing to raise a claim of ineffective assistance of trial counsel. Williams argues that the district court violated *Ferguson* because it did not consider the state court trial transcripts before evaluating these claims for habeas relief. He also contends that he should receive an evidentiary hearing.

We review a district court's denial of habeas corpus relief *de novo*. *Gamble v. Sec'y, Fla. Dep't of Corr.*, 450 F.3d 1245, 1247 (11th Cir. 2006). The scope of review is limited to the issue specified in the COA. *See Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998) (addressing a § 2255 motion).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2254(d) forbids a federal court from granting habeas relief on claims that were previously adjudicated on the merits by a state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established federal law if the state court (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Ventura v. Att'y Gen., Fla.*, 419 F.3d 1269, 1280–81 (11th Cir. 2005). A state court's decision is an unreasonable application of clearly established federal law if the state court unreasonably applies the established law to the facts of a case. *Williams v. Taylor*, 529 U.S. 362, 407–08, 120 S. Ct. 1495, 1520, 146 L. Ed. 2d 389 (2000). Additionally, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will

3

not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller-El v. Cockrell*, 537 U.S. 322, 324, 123 S. Ct. 1029, 1033, 154 L. Ed. 2d 931 (2003).

We recently held in *Ferguson* that, despite the presumption of correctness given to the state court's factual determinations, where the appellant raised fact-intensive self-representation claims that required the state court to ensure that the appellant knowingly and voluntarily waived his right to counsel and to determine whether standby counsel substantially interfered with tactical decisions or the questioning of witnesses, "the absence of the trial record precluded the district court from conducting a meaningful review of the trial court decision." *Ferguson*, 527 F.3d at 1149. Accordingly, we held that "[t]o review the actions of a state trial court with respect to self-representation claims, federal habeas courts must examine the state trial court record, rather than rely solely on the state appellate court's findings as to what the trial record contains." *Id.* In an explanatory footnote, we clarified that we "[were] simply holding that in order to conduct a meaningful review of the state court rulings, federal courts must have the opportunity of reviewing the trial transcripts and state court records underlying those rulings." *Id.* at 1149 n.4.

I.

Although a federal court reviewing a state prisoner's habeas petition may not "reexamine state-court determinations on state-law questions," *Estelle v. McGuire* 502 U.S. 62, 67–68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991), it may review state evidentiary rulings to determine whether the rulings violated the petitioner's due process rights. *Felker v. Turpin*, 83 F.3d 1303, 1311–12 (11th Cir. 1996). In such instances, the inquiry is limited to determining whether evidentiary errors "'so infused the trial with unfairness as to deny due process of law.'" *Id.* (quoting *Lisenba v. California*, 314 U.S. 219, 228, 62 S. Ct. 280, 286, 86 L. Ed. 166 (1941)). The determination of whether an evidentiary error is of such magnitude as to deny fundamental fairness is to be made in light of the evidence as a whole. *Id.* at 1312.

In this case, the state admits that it did not file the trial transcripts, and the record does not indicate that the transcripts were filed. The district court could not have meaningfully reviewed whether the admission of the victim's out-of-court statement testimony so infused the trial with unfairness as to deny due process of law without reviewing the state trial transcripts.

II.

In reviewing allegations of the sufficiency of evidence, we ask "whether,

after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). In weighing the sufficiency of the evidence, "[i]t is not required that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt." *Martin v. State of Alabama*, 730 F.2d 721, 724 (11th Cir. 1984). Pursuant to 28 U.S.C. § 2254(f), where a petitioner challenges the sufficiency of the evidence used to support the state court's factual determinations, the petitioner normally bears the burden of providing the district court with the relevant portions of the state trial record. 28 U.S.C. § 2254(f); *Ferguson*, 527 F.3d at 1147. Nevertheless, if the petitioner "because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so." 28 U.S.C. § 2254(f).

Here, despite the fact that the magistrate judge ordered the state to file the relevant trial record, the state did not file the trial transcripts. Although the district court stated that it conducted an "independent review of the record" to determine that the evidence was sufficient for the trial court to deny the judgment of acquittal motion, the district court could not have conducted a meaningful review without

6

the trial transcripts.

III.

The Sixth Amendment provides that a criminal defendant shall have the right to "the [a]ssistance of [c]ounsel for his defense." U.S. Const. Amend. VI. To prove ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). The standards applicable to claims of ineffectiveness against trial counsel apply equally to claims against appellate counsel. *Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001).

Here, too, we conclude that the district court needed the trial transcripts to resolve whether it was reasonable for the state court to conclude that trial counsel had (1) thoroughly questioned the credibility of the witnesses and (2) not admitted during closing argument that he failed to investigate, because these conclusions were fact-based. Further, the district court needed the trial record to determine whether it was reasonable for the state to conclude that the appellate counsel could not have filed a timely motion for a new trial or brought claims of ineffective assistance on appeal.

Thus, we vacate the dismissal of Williams's petition for a writ of habeas

7

corpus to the extent that it presents issues about the admission of a victim's out-of-court statement, whether the trial court erroneously denied the judgment of acquittal motion, whether trial counsel was ineffective in challenging the credibility of two state witnesses and during closing argument, and whether appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel. Further, on remand, we instruct the district court to make explicit its consideration of the trial record. We decline to express an opinion about whether Williams is entitled to prevail on the merits of his petition and whether he should receive an evidentiary hearing because these issues are outside the scope of the COA.

**VACATED AND REMANDED.**