[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10006
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-10020-CV-KMM

CHARLES EVERETT STRONG,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,
Walter A. McNeil,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 10, 2009)

Before MARCUS,  PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Everett Strong, a Florida prisoner, appeals pro se the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. We granted a certificate of appealability to resolve whether, in the light of Ferguson v. Culliver, 527 F.3d 1144 (11th Cir. 2008) (per curiam), the district court erred by relying on the findings of the state appellate court to determine whether Strong's due process rights were violated by alleged prosecutorial misconduct. We vacate the denial of Strong's petition on this issue and remand for further proceedings.

A petitioner is entitled to a writ of habeas corpus if the state court reached a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). To determine if a decision is "contrary to" clearly established federal law, the district court must consider whether the state court was presented with facts that are "materially indistinguishable" from Supreme Court precedent, but reached a contrary result. See Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). To determine if the state court has unreasonably applied clearly established federal law, the district court must consider whether the state court "identifie[d] the correct legal rule from Supreme Court case law but unreasonably applie[d] that rule to the facts of the petitioner's case." Id. The findings of fact made by the state court are presumed

2

to be correct, but may rebutted by clear and convincing evidence to the contrary, 28 U.S.C. § 2254(e)(1), and may not be entitled to the same deference when the state fails to supply "the pertinent part of the record . . . ." Id. § 2254(f). Both grounds for relief often require the district court to examine the record of the state proceedings. See Ferguson, 527 F.3d at 1148–49.

The district court erred when it failed to consult the trial transcript before resolving Strong's challenge to the closing argument made by the prosecutor. To resolve this issue, the district court had to determine "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 94 S. Ct. 1868 (1974)). Although the district court examined excerpts of the comments that Strong included in his brief to the state court on direct appeal, the district court failed to evaluate the comments "in context based upon the defense argument that preceded it." Whisenhant v. Allen, 556 F.3d 1198, 1207 (11th Cir. 2009) (per curiam) (citing Darden, 477 U.S. at 179, 106 S. Ct. at 2470); see United States v. Young, 470 U.S. 1, 12, 105 S. Ct. 1038, 1045 (1985). Because the state omitted a transcript of the closing arguments from its exhibits, the district court could not have determined whether the comments of the prosecutor were a response in kind

or were inappropriate. If the comments were responsive, then the district court was required to examine "the comment's effect on the trial as a whole[,]" which the court could not do based on the limited record before it. Whisenhant, 556 F.3d at 1207 (citing Darden, 477 U.S. at 182, 106 S. Ct. at 2472); see Young, 470 U.S. at 13, 105 S. Ct. at 1045. We express no opinion about whether Strong is entitled to prevail on the merits of his petition.

We **VACATE** the denial of Strong's petition for a writ of habeas corpus to the extent that it challenges the closing comments of the prosecutor, and we **REMAND** for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**