[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14146
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00910-CV-RLV-1

CALVIN MANN,

Petitioner-Appellant,

versus

DAVID FRAZIER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 11, 2009)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Calvin Mann, a Georgia prisoner proceeding pro se, appeals the district court's

denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

We granted Mann's request for certificate of appealability (COA) to address the following issue: "Whether the district court erred in finding that counsel was not ineffective for failing to object to the prosecutor's statements during closing argument[.]" On appeal, Mann argues that the district court erred in finding that his appellate counsel was not ineffective for failing to raise and argue in a motion for new trial, and on direct appeal, that his trial counsel was ineffective for failing to object to the prosecutor's closing argument. After thorough review, we affirm.[1]

"In reviewing the district court's denial of a 28 U.S.C. § 2254 petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error." Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008) (quotations omitted). "[A] determination of a factual issue made by a State court shall be presumed to be correct," and the applicant must "rebut[] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Thus, our review is "highly deferential." Marquard v. Sec'y for Dep't of Corr., 429 F.3d 1278, 1303 (11th Cir. 2005). "[I]n an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the [COA]." McClain v. Hall, 552 F.3d 1245, 1254 (11th Cir. 2008) (quotations omitted).

---

[1] In addition, Mann's motion for appointment of counsel is DENIED.

As amended by the AEDPA, 28 U.S.C. § 2254(d) forbids federal courts from granting habeas relief on claims that were previously adjudicated in state court, unless the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

To prove ineffective assistance at trial, a petitioner must show (1) deficient performance by his counsel and (2) a reasonable probability that his counsel's deficient performance affected the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). If a petitioner fails to prove either deficient performance or prejudice, he is not entitled to relief. Id. at 697. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Id. at 688. "[N]o relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).

Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S.

at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Johnson v. Alabama, 256 F.3d 1156, 1177 (11th Cir. 2001) (quotations omitted). "A finding of prejudice requires proof of unprofessional errors so egregious that the trial was rendered unfair and the verdict rendered suspect." Id. (quotations omitted). "[H]abeas petitioners must affirmatively prove prejudice because attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial." Id. (quotations and alteration omitted).

Here, Mann's argument in his appellate brief concerns the alleged ineffectiveness of his appellate counsel in failing to raise and argue in his motion for a new trial, and on appeal, his trial counsel's ineffectiveness for failing to object to the state prosecutor's closing argument. However, we granted Mann's request for a COA with respect to only one issue: "[w]hether the district court erred in finding that counsel was not ineffective for failing to object to the prosecutor's statements during closing argument[.]" Because the COA does not concern the alleged ineffectiveness of Mann's appellate counsel in failing to raise or argue an issue in his motion for a new trial, or on appeal, Mann cannot raise this argument on appeal. See McClain, 552 F.3d at 1254.

Moreover, Mann's appellate brief does not address the issue set forth in the COA regarding the district court's finding that his trial counsel was not ineffective for failing to object to the prosecutor's statements during closing argument. While we are lenient when interpreting the arguments of pro se litigants, its leniency extends only so far, and it will not act as de facto counsel. See GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Accordingly, Mann has abandoned the issue on appeal. See Atkins v. Singletary, 965 F.2d 952, 955 n.1 (11th Cir. 1992) (holding that a habeas petitioner abandons an issue by failing to address it on appeal).

But even considering the issue presented in the COA, we find no merit to his claim since Mann failed to "affirmatively prove prejudice" below. See Johnson, 256 F.3d at 1177. According to the evidence at trial, Mann was in a known high drug area, repeatedly attempted to evade police officers by walking away and ignoring questions, and threw an object containing cocaine on the porch of a residence. Further, the evidence also showed that Mann had a prior drug conviction involving a similar course of conduct. While Mann's testimony challenged a police officer's version of events, Mann ran the inherent risk by taking the stand that the jury might conclude that the opposite of his testimony was true. Cf. Atkins, 965 F.2d at 961 n.7 (noting that a defendant runs the risk when testifying on his own behalf that the jury might conclude that the opposite of his testimony is true). In light of the record, the

district court did not err in finding that the Georgia Supreme Court's conclusion was not contrary to, or involved an unreasonable application of, <u>Strickland</u>.  <u>See</u> <u>Baldwin v. Johnson</u>, 152 F.3d 1304, 1315-16 (11th Cir. 1998) (holding that there was no reasonable probability that the result would have been different for <u>Strickland</u> purposes where the evidence of guilt was overwhelming).

Accordingly, we affirm.

**AFFIRMED.**