[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10774
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00292-CV-FTM-99-SPC

JOSEPH W. FINFROCK,

Petitioner-Appellant,

versus

CHARLIE CRIST,
ROBERT A. BUTTERWORTH,
TIMOTHY BUDZ,
BILL MCCOLLUM,
Attorney General,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 16, 2010)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph W. Finfrock, through counsel, appeals the dismissal of his *pro se* 28 U.S.C. § 2241 petition for a writ of habeas corpus aimed at his ongoing Florida civil commitment proceedings.[1] We granted a certificate of appealability (COA) on the sole issue of whether the district court erred by abstaining, pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), from reaching the merits of Finfrock's § 2241 petition. Finfrock argues that the district court misapplied *Younger* by dismissing his petition without first obtaining a response from the state and reviewing the underlying state court records. Appellees now join in Finfrock's request for a remand to the district court, so that they can file a response in support of their contention that no *Younger* exception allows Frinfrock's § 2241 petition. We have jurisdiction over Finfrock's timely appeal pursuant to 28 U.S.C. §§ 1291, 2253.

We review *de novo* the availability of habeas relief under 28 U.S.C. § 2241. *Dohrmann v. United States*, 442 F.3d 1279, 1280 (11th Cir. 2006) (citation omitted). We review a district court's decision to abstain from enjoining pending

---

[1] Finfrock filed his petition under 28 U.S.C. § 2254. The magistrate judge however characterized it as a 28 U.S.C. § 2241 petition, citing *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003). (D.11:2 n.2.)

state court proceedings on *Younger* grounds for an abuse of discretion. *Wexler v. Lepore*, 385 F.3d 1336, 1338 (11th Cir. 2004) (per curiam). This Court has remanded where an inadequate factual record accompanied a district court's decision of a habeas motion. *See, e.g.*, *Ferguson v. Culliver*, 527 F.3d 1144, 1149 (11th Cir. 2008) (per curiam) (noting absence of trial record supporting district court decision of § 2254 petition on waiver-of-counsel claim); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1219 (11th Cir. 2000) (addressing the state's failure to file a record of the state court change-of-plea proceedings, to answer a § 2254 claim of actual innocence). In the light of these cases, a record that is less than fully developed, and the parties' joint request for a remand, we vacate the district court's dismissal of Finfrock's § 2241 petition and remand for a determination on the briefs and the record whether *Younger* abstention applies.

**VACATED AND REMANDED.**