[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14062
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-21528-ASG

THARAS E. MOORE,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 13, 2012)

Before TJOFLAT, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Tharas Moore, a Florida state prisoner, appeals the District Court's denial of

his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Moore alleged that the state trial court violated his federal due process rights when it failed to advise him of his right to appeal his sentence at his May 8, 2001, sentencing hearing. He further alleged that he sought a belated appeal in November 2009, after learning of his right to appeal, but the Florida District Court of Appeal summarily denied his request. *See Moore v. State*, 23 So.3d 1193 (Fla. 3d DCA 2010) (Table).

The District Court denied Moore's petition after because the state court's sentencing judgments stated that the sentencing court had advised Moore of his right to appeal. In doing so, the District Court overruled Moore's objections that: (1) the statements on the sentencing judgments were boilerplate language that the state courts placed on all judgments, and were insufficient to determine whether he had, in fact, been advised of his right to appeal; and (2) he had "vigorously and relentlessly" sought to obtain his plea colloquy and sentencing hearing transcripts, which would have shown that the state trial court did not advise him of his right to appeal, but received no help in doing so from the clerk of courts office and the court reporting agency.

We then granted a certificate of appealability on one issue: whether, pursuant to 28 U.S.C. § 2254(f), the district court should have ordered the State to

2

supplement the record with transcripts from Moore's plea colloquy and sentencing hearings, both of which were not included in the record before the District Court.

We review questions of law *de novo*, and findings of fact for clear error. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). A federal court may not grant habeas relief on a claim that was previously adjudicated on the merits in state court, unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Moreover, state court factual findings are presumed correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Id*. § 2254(e)(1). The petitioner bears the burden of establishing his right to habeas relief and proving all of the facts necessary to demonstrate a constitutional violation. *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001).

If the applicant challenges the sufficiency of the evidence adduced in the state court proceedings to support the state court's determination of a factual issue, the applicant, if able, must produce the part of the record pertinent to the determination of the sufficiency of the evidence to support the state court's factual

3

determination. 28 U.S.C. § 2254(f). If the applicant is unable to produce the necessary part of the record, the State must produce it at the district court's order. *Id*. Should the State be unable to produce the record, the district court shall determine under the existing facts and circumstances what weight the state court's factual determinations should be given. *Id*.

In *Ferguson*, we addressed a petitioner's claim that he did not validly waive his right to counsel. 527 F.3d at 1145-49. Although the District Court ordered the State to produce portions of the state-court record relevant to this issue, the state failed to provide any transcripts of the trial proceedings. *Id*. at 1147. The State, however, did produce a copy of the District Court of Appeal's decision, which affirmed the denial of the petitioner's state post-conviction motion[1] and extensively referred to the state trial court transcripts. *Id*. We held that the absence of the trial record precluded the District Court from conducting a meaningful review of the state court decision, and that a federal habeas court must examine the state trial record rather than simply rely upon a state court's findings as to what the trial record contains. *Id*. at 1148-49. Accordingly, we remanded for reconsideration of the petitioner's claim in light of the trial transcripts. *Id*. at 1149

The District Court could not meaningfully review Moore's claim in the

---

[1] *See* Fla. R. Crim. P. 3.850.

4

absence of the plea colloquy and sentencing hearing transcripts.  Accordingly, we vacate the District Court's order denying Moore's habeas petition, and remand with directions that the District Court order the State to produce the plea colloquy and sentencing hearing transcripts prior to considering the merit's of Moore's claim.

VACATED AND REMANDED.