[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————

No. 14-14188

————————————

D.C. Docket No.  1:10-cv-21528-ASG

THARAS E. MOORE,

Petitioner - Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————

(December 8, 2015)

Before MARCUS and JILL PRYOR, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

---

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Tharas Moore ("Moore"), a Florida state prisoner who pleaded guilty in four separate, consolidated cases, appeals through counsel the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  Upon careful review and with the benefit of oral argument, we affirm.

I.

On May 8, 2001, Moore, having entered into a consolidated plea agreement with the State Attorney for Miami-Dade County, Florida, pleaded guilty in the Miami-Dade County Circuit Court ("Circuit Court") to four informations charging him with various criminal offenses, including robbery, burglary, aggravated assault, possession of a firearm by a violent career criminal, and battery on a law-enforcement officer.  He was sentenced to concurrent prison terms totaling twenty years.  The judgment in each of the four cases stated:

> The defendant in Open Court was advised of his right to appeal from this sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing indigence.[1]

DE 13-5 at 5; DE 13-8 at 5; DE 13-11 at 3; DE 13-14 at 3.  Moore was subsequently resentenced in three of his cases.  Moore contends that, contrary to this recital in the four judgments, the Circuit Court did not actually inform him of

---

[1] This statement was required by Florida Rule of Criminal Procedure 3.986, which prescribes the "Forms Related to Judgment and Sentence."

2

his right to appeal his sentences.[2]  He asserts that it was only at one of his resentencing hearings, on December 24, 2008, that he learned of his right to appeal when the Circuit Court informed him that he had a right to appeal the sentence within thirty days.

In November 2009, Moore petitioned the Florida Third District Court of Appeal ("Third DCA"), pursuant to Florida Rule of Appellate Procedure 9.141, for a writ of habeas corpus granting him a belated appeal in each of the four cases. Moore's petition, filed under oath, stated that he was entitled to belated appeals in the four cases because the Circuit Court failed to inform him of his right to appeal and that such failure denied him the due process and equal protection of the law guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.  The Third DCA summarily denied Moore's petition and subsequent motion for rehearing.  Moore v. State, 23 So.3d 1193, 1193 (Fla. Dist. Ct. App. 2010).

---

[2] In Florida, the right of a defendant convicted pursuant to a plea of guilty to appeal is circumscribed by Florida Rule of Appellate Procedure 9.140, which, in relevant part, states:

> A defendant who pleads guilty . . . may otherwise directly appeal only
>   (a) the lower tribunal's lack of subject matter jurisdiction;
>   (b) a violation of the plea agreement, if preserved by a motion to withdraw plea;
>   (c) an involuntary plea, if preserved by a motion to withdraw plea;
>   (d) a sentencing error, if preserved; or
>   (e) as otherwise provided by law.

Fla. R. App. P. 9.140(b)(2)(A)(ii).

3

On May 11, 2010, Moore petitioned the United States District Court for the Southern District of Florida for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that both the Circuit Court's failure to inform him of his right to appeal his sentences and the Third DCA's denial of his petition for belated appeals operated to deny him due process of law. The district court denied the petition on August 28, 2014.[3] In doing so, the district court assumed Moore was not informed of his right to appeal, but agreed with the State that the Third DCA properly denied Moore's petition for a belated appeal as time-barred.[4] The district court also determined that contrary to Moore's argument, Peguero v. United States, 526 U.S. 23 (1999), "does not establish an overarching constitutional rule that courts must

---

[3] This was in fact the second time the district court denied Moore's petition. The district court originally denied the petition because the judgments in each of Moore's state cases indicated that he was informed of the right to appeal. Moore appealed and we vacated and remanded, holding that the district court could not have given meaningful review without the transcripts from Moore's plea colloquy and sentencing hearing. See Moore v. Sec'y Fla. Dep't of Corr., 486 F. App'x 810, 811–12 (11th Cir. 2012) (unpublished). We ordered the State to "produce the plea colloquy and sentencing hearing transcripts prior to considering the [merits] of Moore's claim." Id. The transcripts could not be located.

[4] The rule governing belated appeals in Florida at the time of Moore's petition was Florida Rule of Appellate Procedure 9.141(c)(4)(A), which provided that such a belated appeal

> shall not be filed more than 2 years after the expiration of time for filing the notice of appeal . . . unless it alleges under oath with a specific factual basis that the petitioner (i) . . . was not advised of the right to an appeal . . .; and (ii) should not have ascertained such facts by the exercise of reasonable diligence.

In denying Moore's petition, the district court cited Florida Rule of Appellate Procedure 9.141(c)(5)(A), rather than 9.141(c)(4)(A). Rule 9.141(c)(5)(A) is currently in effect and includes a four-year as well as a two-year limitation for belated appeals. Fla. R. App. P. 9.141(c)(5)(A) ("In no case shall a petition for belated appeal be filed more than 4 years after the expiration of time for filing the notice of appeal."). The district court correctly held that Moore had not satisfied either the two or four year limits.

advise defendants of their right to appeal." DE 62 at 8 n.8.[5] The district court

granted Moore a certificate of appealability ("COA") on the following issue:

> [W]hether the State of Florida violated Moore's due process rights by failing to advise him of his right to appeal his sentence at his May 8, 2001 sentencing hearing and summarily denying his request for a belated appeal when the request was filed more than two years after the expiration of time for filing the notice of appeal and did not state that Moore could not have ascertained such facts by the exercise of reasonable diligence, and when the request was filed more than four years after the expiration of time for filing the notice of appeal.

DE 62 at 8.

## II.

We review a district court's denial of a 28 U.S.C. § 2254 petition de novo.

McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005). Under 28 U.S.C.

§ 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996,

a federal court may grant a state prisoner a writ of habeas corpus when his federal

constitutional claim has been "adjudicated on the merits in State court" if the

adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[5] We agree with the district court that Peguero v. United States, 526 U.S. 23 (1999), did not establish a constitutional rule applicable to the factual setting presented by this case.

5

28 U.S.C. § 2254(d).

Although the Third DCA denied Moore's petition for belated appeal and motion for rehearing summarily, the Third DCA adjudicated his claim on the merits. See Shelton v. Sec'y, Dep't of Corr., 691 F.3d 1348, 1353 (11th Cir. 2012) (holding that a per curiam affirmance without an opinion is an adjudication on the merits absent a statement by the state court that the decision was based solely on a state procedural rule); see also Johnson v. Williams, 133 S. Ct. 1088, 1091 (2013); Harrison v. Richter, 562 U.S. 86, 99 (2011). As there was no indication that the decision was based solely on a state procedural bar, the Third DCA's decision is entitled to deference. See Shelton, 691 F.3d at 1353. When a state court summarily denies a claim, a federal court will grant habeas only if there is no reasonable explanation for the state court's decision. See Harrison, 562 U.S. at 98.

In Griffin v. Illinois, the Supreme Court held that although states are not required by the U.S. Constitution to provide the right to appellate review, once states grant such a right, the Equal Protection and Due Process Clauses apply. 351 U.S. 12, 18–20 (1956). Florida provides a right to appeal and requires its judges, after sentencing a defendant, to inform the defendant personally, in open court, of the right to appeal. Fla. R. App. P. 9.140; Fla. R. Crim. P. 3.986. If a judge fails to so inform the defendant, the defendant has two years in which to petition the court in which the appeal would lie for a belated appeal. See Fla. R. App. P. 9.141(c)(4).

If more than two years have passed, Florida requires defendants to have exercised reasonable diligence in attempting to ascertain whether they had the right to appeal. Id. There is no controlling Supreme Court precedent holding that such rules do not provide adequate relief when a defendant is not informed of his right to appeal as required by state law.[6] Where there is no on point Supreme Court precedent, a state court's conclusion cannot be contrary to clearly established Federal law. Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003). Thus, in denying Moore's petition, which was filed more than two years after the time for filing a notice of appeal had run, and which did not allege that he exercised reasonable diligence to determine whether he had the right to appeal, the Third DCA neither acted contrary to clearly established Federal law nor applied such law unreasonably. Accordingly, the judgment of the district court is

**AFFIRMED**.

---

[6] That the Florida District Courts of Appeals have granted some defendants' motions for belated appeals based on a trial judge's failure to inform the defendant at sentencing of his or her right to appeal does not render the Third DCA's decision to deny Moore's belated appeal erroneous. See Battles v. State, 930 So. 2d 769 (Fla. Dist. Ct. App. 2006); Byrd v. State, 916 So. 2d 926 (Fla. Dist. Ct. App. 2005); Bowden v. Singletary, 805 So. 2d 812 (Fla. Dist. Ct. App. 1999).